Good morning. I'd like to reserve two minutes for rebuttal, if I may. Certainly. Thank you, Your Honor. May it please the Court, William Fick for the defendant, Appellant Mr. Martinez. I will begin with the sentencing issue. Mr. Martinez was sentenced under an erroneously high advisory guideline range due to the District Court's determination that a prior conviction for simple assault and battery qualified as a crime of violence. As this Court recognized in Holloway, a Massachusetts conviction for assault and battery can be one of three types, harmful battery, offensive battery, or reckless battery, and of those three, only the harmful battery qualifies as a crime of violence. So here, then, the issue boils down to whether the three-minute State Court plea colloquy demonstrates that his offensive conviction necessarily was the harmful type. And I use the word necessarily very specifically because that is the touchstone from the Shepherd v. United States. The facts admitted in the colloquy or contained in other Shepherd permissible documents must necessarily show that the conviction was a predicate. Can I ask you a question about that? So the District Judge, who is the Chair of the United States Sentencing Commission, I believe made a comment to the effect of it's not very likely that this touching took place recklessly, and we have a few references, perhaps even in some of my opinions, and certainly in a recent dissent to James, trying to import the idea from James that it has to be in the mine run of cases. So what's wrong with what Judge Sarris did there? So the mine run issue is really an issue as to the, not the force clause, but the residual clause. So I understand that's what James says, but why wouldn't the same sort of reasoning apply here? Well, I mean, that's really not part of a categorical analysis. I mean, and that's not really what the Court did in Holloway, certainly as to the force clause and not as to the residual clause. And it's really not clear. I mean, Judge Sarris didn't cite any data for this sense of what the mine run means. And there's really, in talking about what a typical domestic assault and battery might be, there was really no, it sort of is drawn out of the air. And I think there was a comment that this Court made in Fish to suggest that, you know, the enterprise of getting into empirical discussion of what, you know, the typical case involved is really a rabbit hole that the courts ought not be going down. And I think the Supreme Court has been moving away from that type of analysis, for example, in DeCaul. That was clearly something that they were distancing themselves from. And really, I mean, I think when one even thinks about it, the heated situation of a domestic argument where one may be gesticulating or, you know, moving back and forth, I think is rife with opportunity for a reckless contact, a reckless strike, a reckless something, that would not fit within the violent form of assault and battery. And certainly there's no basis from what happened in the plea colloquy here to infer that that is, that anything else happened. So what if, even if we applied sort of a James type, not if we did, but if one were to, what is your sense from the cases that you have seen from Massachusetts in terms of, you know, reckless not being way out on the margins anyway? Well, I mean, I think it's a bit hard to generalize. And I think it's not, it's many, many, I mean, the mine run assault and battery cases never wind up in the reported opinions of the State Appeals Court or the SJC or anything. And so I think that's yet another reason why that exercise is, you know, a dangerous one to even engage in. And I mean, I think the irony here, right, is that here you have what happened in the State Court plea colloquy is that simply the prosecutor said the defendant struck the victim. No statement of what the mental state was. No statement of whether there was any injury or could have been any injury. That's all. And so we're trying to divine what was in the mind of the prosecutor and what was in the mind of Mr. Martinez when he agreed to that to ascertain what necessarily was admitted. And it just seems we're far from the kind of certainty that Shepard would require. And the irony is that if you take, for example, Holloway itself, you had the language assault and beat. You know, whether it's a rule of lenity type of analysis or something else, you know, the decision there in effect was we cannot assume from that language that the battery was a violent one. You know, you contrast sort of an interpretation of statutory or charging language on the one hand with what is said rapidly by counsel and the defendant in a three-minute State Court proceeding to try and divine certainty from that about what was involved just to simply guess that it must have been intentional or to guess that it was a strike capable of causing injury seems to me a bridge much too far. The government also makes much of the comment by Mr. Martinez's lawyer that there were no lasting injuries as part of a reason to accept the disposition. The government suggests that that is a separate reason to find that there could have been injuries or that there were injuries, and I would suggest that's simply not the case. The fact that there were no lasting injuries does not mean there were any injuries at all. It's, again, one sentence in a three-minute proceeding, and the cases the government cites are really not on point. The government cites cases where, for example, a lawyer got up and affirmatively said, we agree to everything in the grand jury transcript, or we affirmatively agree that what the prosecutor just said is true, and that that's not the case here. And so while in certain instances certainly attributing to a defendant the statements of his lawyer is certainly appropriate, this is not the kind of situation where there was any kind of affirmative admission by the lawyer of something that Mr. Martinez ought to be held accountable for. And also notable, even in the non-Shepherd permissible documents in this case, there's no indication that there was any injury whatsoever. And so, you know, for the government to sort of try and focus on that, what I would suggest really is an offhanded comment by the lawyer, again, is not something that ought to be considered in determining what the nature of the offense here was. Well, suppose there were lasting injuries. Would that doom your argument? Well, if there were a lasting injury that were stated by the prosecutor and admitted by defense counsel at the colloquy, I mean, I suppose that would indicate that it was a, certainly it would indicate that the battery that occurred was capable of causing violence and did cause violence. It still would not necessarily resolve the mental state question. I mean, again, an act of gesticulation could result in an injury, even unintentionally. And so, you know, the injury is only half of the question here. And really that, again, highlights that there are two defects to what the government wants to do with this colloquy, both the lack of intent on the one hand and the lack of indicia of injury or possibility of injury on the other hand. The government also suggests that a separate conviction, as an alternative ground to affirm, suggests that a separate conviction for simple assault ought to be deemed a crime of violence. And I would suggest that that is, I mean, this court has never gone that far. And, in fact, when you break down what simple assault is under Massachusetts law, it's an attempted or threatened battery. The attempted or threatened battery could be harmful on the one hand, but it could also be merely the offensive type of battery. And so, again, categorically it's impossible to say that a simple assault conviction under Massachusetts law is sufficient on its face to qualify as a crime of violence. And, in fact, for the court to make that finding would be highly ironic because assault, simple assault is a lesser included offense of assault and battery. And so here we have Holloway that says assault and battery is not categorically a crime of violence. It really makes little sense to say that a lesser included offense of that could somehow categorically qualify as a crime of violence. As to the suppression issue, I'll rest on the papers unless there's something to address in rebuttal. Thank you. Judge Howard, and may it please the Court, Mark Quinlivan on behalf of the United States. Let me begin with the last conviction that my friend has discussed, which is the defendant's simple assault conviction. Because that conviction does qualify categorically, and let me explain why that is. And I point the Court to the Supreme Judicial Court of Massachusetts decision, Commonwealth v. Garassi, because that really is the flagship case that discusses the elements of simple assault. And the Court there defined simple assault as involving the attempted or threatened use of physical force. But it also went further. It said that there are two types of simple assault. One is the attempted battery, which it defined as the attempt to inflict bodily harm on the victim. The other is the threatened battery form, which the Court defined as putting the victim in fear of imminent bodily harm. And in fact, the Court said that it expressly tied those two together. That the physical force that it was talking about was the attempted or threatened infliction of bodily harm. That is precisely the kind of physical force under Johnson that would qualify as, whether it be a violent felony under the Armed Career Criminal Act, or here, under the guidelines, under the Force Clause. And indeed, this Court's decision in Am, with respect to the crime of assault with a dangerous weapon, says precisely that. This Court cited Garassi in saying that the crime of assault with a dangerous weapon qualifies categorically under the Force Clause of the Career Offender Guideline as a crime of violence. This Court reaffirmed Am two years later in its unpublished decision in Chantichack. And I would suggest that if there are any possible doubt on this issue, it was removed when the Supreme Judicial Court of Massachusetts, just last year in the Marinho case, expressly said that simple assault qualifies as a crime of violence under a different federal statute, 18 U.S.C. Section 16, because it has as an element the attempted or threatened use of physical force. But use is also, I mean, this sounds a little counterintuitive, but it's use, attempted or threatened. But what about use? Can't you have use in a reckless situation? You could, Judge Howard, and that's the distinction between a completed battery, which would form the basis of an assault and battery charge, or here, assault is not a completed battery. I thought under the definition of assault, it includes all three, use, attempt, or threaten. No, I think that as long as the definition, it has as an element, it's stated in the disjunctive, the attempted use or threatened use of physical force. Here, simple assault, by its elements, is the attempted or threatened use of physical force, which the SJC has further defined as the attempted or threatened infliction of bodily harm. So I don't see, there's really no argument here that simple assault can encompass attempted or threatened offensive touching. And I think that makes sense. You know, people get charged with simple assault for pointing a gun at somebody or saying that I'm going to shoot and kill you. They don't get charged with simple assault for saying I'm going to pinch you or for spitting and missing at somebody. But once again, I think if you look at the SJC's decision in Garassi and in Marino and this court's decision in Amm, the conclusion is inescapable. But let me ask this. I had thought that under Massachusetts law, a mere touching, if offensive, was sufficient to make up the necessary element of physical force under assault. No, Judge Kayada, I think offensive touching, no, I would disagree. An offensive touching can form the basis of a completed battery. It is not an element of an assault. And to the extent that, in fact, that's why in Holloway, for example, this court didn't analyze the question whether assault and battery qualified under the force clause, because the existence of the possibility of offensive touching removed that as a possible argument. So we have physical force is in both the assault and battery and the assault offenses, same term under Massachusetts law. And aren't there cases that say that physical force includes a mere touching, so as the actual use of force could include a mere touching, and then the threat of use of physical force or an attempt to use physical force on another? Can you cite us to any case in which a claim is thrown out because the touching was not forceful enough? I can't. Judge Kayada, I can't point you to a case because, in all fairness, most Massachusetts cases are assault and batteries and not simple assault cases. But I think the language about physical force, and again, the flagship case is Garassi, is the definition of simple assault. The court separately defined assault and battery as involving the three forms, the harmful battery, the offensive touching, and the reckless form of the battery. Simple assault is where the term physical force comes up, and the court said it's the attempted or threatened use of physical force, and then once again went on to link that to the attempted or threatened infliction of bodily harm. So while my friend is correct that you often hear the term that assault is a lesser included offense of assault and battery, in fact, it really is only a lesser included offense of the harmful form of the battery, and that has to be the case because, for example, assault is an intentional crime, and it can't be a lesser included offense of the reckless form of the battery, which has a different mens rea. Otherwise, the Holloway decision would have come down perhaps differently based on the mens rea. So I would admit that what my friend says is an ironic result. It's the nature of the categorical approach. As this court said in its Fish opinion with respect to assault and battery with a dangerous weapon, that seemed on its face to qualify as a crime of violence under Section 16, but this court found that it was overbroad with respect to the residual clause. But the Massachusetts definition of simple assault makes clear that it qualifies categorically under the force clause. Let me just briefly talk about the assault and battery conviction. I think that the court can look to defense counsel's statement that there were no lasting injuries. I think, as we noted in our brief, there is actually a division of opinion on the question whether Shepard means that it has to be just the defendant's admission or whether defense counsel's admission could qualify as well. The Fourth Circuit had a divided opinion on that point. But I think if somebody says there are no lasting injuries, that necessarily means that there were some injuries. If the victim in this case wasn't hurt, the defense counsel would have said she wasn't harmed or she didn't suffer any injuries. No one would say when somebody didn't suffer any harm whatsoever that she didn't suffer any lasting injuries. And with respect to the mens rea or the intentionality, I'd point to a couple points. First, the fact, I think, as the district court here found, the use of the word strike necessarily means a form of an intentional act. And I'd point to this court's decision in Davis where this court said, albeit in dictum, that where the police report indicated that a defendant had struck a victim in the face and that she had suffered a bloody lip, that that almost certainly would indicate that it was the harmful battery form of the crime. But I would say that I think the cleaner route to affirm in this basis is actually the simple assault conviction. And I say that because it involves use of the categorical approach as opposed to the modified categorical approach and the force clause as opposed to the residual clause. And I think that although this issue wasn't raised below, it's a pure question of law. There's no need for any factual development. And I would suggest that the defendant's sentence can be affirmed on that alternative basis. Counsel, in Gerasi, the court said that the trial judge was correct when he stated, and I quote, an assault is defined as a communicated threat, that is, a communicated threat to use some kind of force on the person of another. And the Massachusetts SJC said that was a correct statement of Massachusetts law. That's right, Judge Chioda. But in that very same opinion, once again, the court twice defined the attempted battery form as involving the attempt to inflict bodily harm and threatened as putting the victim in fear of imminent bodily harm. So I think that coupled with that definition, the force is clearly force that would be violent force within the meaning of Johnson. Well, but stay with me. If Massachusetts judges, according to the SJC, are correctly instructing juries in Massachusetts that the assault is defined as a threat to use some kind of force, and they give that proper instruction as crafted in this case and affirmed in this case, then how are we to take a jury verdict that ensues from that instruction and say, well, the jury must have had in mind some heightened level of force that's not even mentioned in the instruction as a required element? Well, my answer, Judge Chioda, would be that whatever is meant by some level of force, it is physical force within the meaning of the court. That's the word physical is not used in the approved instruction. No, but it is used in the SJC's when the SJC sets out the elements of that very offense. It says expressly that assault is defined as the attempted or threatened use of physical force, and then it says that it goes on to say that, once again, the attempted battery is the attempted infliction of bodily harm, and the threatened battery is the putting the victim in fear of imminent bodily harm. So whatever physical force that is, it's physical force that is attempted or threatened infliction of bodily harm. That is physical force within the meaning of Johnson, or violent physical force within the meaning of Johnson, and therefore it qualifies under the force clause. Can't we assume that in this case the judge gave the precise instruction that the SJC said is appropriate? I believe... There's nothing in the Shepard document. No, because I believe the defendant pleaded. I'll have to look back. I believe the defendant pled guilty. But he would presumably do so with knowledge of that. In other words, if someone's convicted under this, how do we know that the jury doesn't know what else the Supreme Judicial Court said in the opinion? Well, Judge, I think that's right, Judge Cayola, but under the categorical approach, we're not looking under the categorical approach either at what the jury was charged with or what the charging language in the indictment. We're only looking at the elements of the offense, and the elements of the offense are clearly set forth by the SJC and Gerasi. Court has no other questions. I'll rest on the brief as well on the suppression issue. I would suggest the government is dramatically over-reading Gerasi. It's certainly true, and Gerasi does say that the threatened or attempted infliction of bodily harm is a simple assault, but Gerasi does not come close to saying that that is the only way that simple assault is cognizable. And in addition to the passage that Judge Cayola just read, I would direct the Court's attention to page 247 of the Mass Reports version of the opinion. It begins, A, definition of assault. Under the common law, an assault may be accomplished in one of two ways, either by an attempted battery or by putting another in fear of an immediately threatened battery, and then it goes into a string citation. Among the string citations is Commonwealth v. Burke, and the parenthetical quoted by the SJC there is, quote, criminal battery is harmful or offensive touching. So clearly when Gerasi is setting out the legal framework, it is saying that the attempted or threatened assault can include the offensive form of battery, not just the violent form of battery. The fact that the opinion later has language that says threatened or attempted actual bodily harm is a simple assault is certainly true, but it does not exclude the offensive touching version. Again, I can't say with certainty now whether there is a published case about it, but I would suggest that the offense of spitting at somebody and missing would be cognizable as an assault under the offensive form of battery that is not a crime of violence, and really nothing the government says would belie that. Commonwealth v. Marino that the government also cited is an inapposite situation where it was an ineffective assistance of counsel case where the Court noted in a footnote that a simple assault conviction may constitute a crime of violence, attempted aggravated felony under the immigration laws. It really had nothing to do with an actual parsing or analysis of what the crime of simple assault under Massachusetts law means. So for those reasons, I would suggest that the government is wrong about simple assaults. I don't mean to short shrift the suppression issues by not addressing them, but I think the papers are clear on those. Thank you. Thank you both.